UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **THOMAS DAGGETT**, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| **YORK COUNTY,** | ) |
| a Municipal Corporation | ) |
| organized and existing under the laws | ) |
| of the State of Maine; | ) |
| **WILLIAM KING** individually and as Sheriff | )     Docket 18-CV- |
| of York County; **MICHAEL VITIELLO**; | ) |
| individually and as an employee of the York | ) |
| County Sheriff's Department; **JOHN DOE 1;** | ) |
| Individually and as an employee of the York | ) |
| County Jail; **JOHN DOE 2,** individually and as | ) |
| an employee of York County Jail; **JOHN** | ) |
| **DOE 3,** individually and as an employee of | ) |
| York County Jail; **CORIZON, Inc.,** a corporation; ) |
| **JANE DOE 1**; individually and as an | ) |
| employee of Corizon, Inc.; **JANE DOE 2**; | ) |
| individually and as an employee of Corizon, Inc. | ) |
| **TOWN OF BERWICK,** a municipality | ) |
| in the State of Maine**; TIMOTHY TOWNE**, Chief) |
| of the Berwick Police Department; **OFFICER** | ) |
| **ELI POORE;** individually and as an employee | ) |
| of the Town of Berwick; | ) |
| | ) |
| Defendants | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, Thomas Daggett, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendants as follows:

## JURISDICTION

1.     This action arises under 42 United States Code (U.S.C.) §§ 1983, 1985, and 1988; the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; Article 1 §§ 1, 6, 6-A and 9 of the Maine Constitution; 5 M.R.S.A. § 4682 (the Maine Civil Rights Act); 15 M.R.S.A. § 704; and 14 M.R.S.A. § 8101 *et seq.* (the Maine Tort Claims Act).

2.     This Honorable Court has original jurisdiction of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     This Honorable Court may exercise supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

4.     This Honorable Court wields jurisdiction over each Defendant named herein pursuant to 14 M.R.S.A. § 704-A in that each Defendant is domiciled in the State of Maine.

## VENUE

5.     Venue is properly before this Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all acts complained of occurred in York County, Maine.

## PARTIES

6.     Plaintiff, Thomas Daggett, is a citizen of the United States and a resident of the State of New Hampshire.

7.     Defendant John Doe 1 was at all times mentioned herein a duly appointed and acting as a corrections officer at the York County Jail in York County Maine.

8.     At all times herein John Doe 1 was acting in the capacity of agent, servant, and employee of York County.

7.     Defendant John Doe 2 was at all times mentioned herein a duly appointed and acting as a corrections officer at the York County Jail in York County Maine.

8.     At all times herein John Doe 2 was acting in the capacity of agent, servant, and employee of York County.

7.     Defendant John Doe 3 was at all times mentioned herein a duly appointed and acting as a corrections officer at the York County Jail in York County Maine.

8.     At all times herein John Doe 3 was acting in the capacity of agent, servant, and employee of York County.

10.     At all times herein Defendant Jane Doe 1 was at all times mentioned herein a duly appointed and acting employee of Defendant Corizon, Inc.

11.     At all times herein Defendant Jane Doe 1 was acting in such capacity of agent, servant, and employee of Corizon.

11.     At all times herein Defendant Jane Doe 2 was at all times mentioned herein a duly appointed and acting employee of Defendant Corizon, Inc.

11.     At all times herein Defendant Jane Doe 2 was acting in the capacity of agent, servant and employee of Corizon, Inc.

11.     Defendant William King was at all times referred to herein Sheriff of York County.

12.     The Sheriff of York County is responsible for running the York County Jail.

13.     Defendant King is responsible for the training, supervision, and conduct of Defendant officers, as more fully set forth below.

14.     Defendant King is further responsible for enforcing the regulations of the York County Sheriff's Department, making and enforcing police department policies that protect the constitutional rights of citizens, and for ensuring that the correctional officers of the York County Jail obey the laws of the State of Maine and the United States of America.

15.     Defendant King is further responsible for ensuring that all inmates received appropriate medical care in compliance with the laws of the State of Maine and the United States Constitution.

16.     Defendant County of York is a political subdivision of the State of Maine and is a member of the Maine County Commissioners' Association Risk Pool which provides coverage for claims such as those mentioned herein.

17.     The York County Jail is a correctional facility organized under the administration of the laws of York County, the State of Maine and the United States.

18.     Defendant Michael Vitiello was at all times referred to herein the head administrator of the York County Jail.

19.     Defendant Vitiello's supervisory responsibilities include oversight of the corrections division of the York County Jail

20.     Defendant Vitiello is responsible for the training, supervision, and conduct of Defendant officers, as more fully set forth below.

21.     Defendant Vitiello is further responsible for enforcing the regulations of the York County Sheriff's Department, making and enforcing jail and correctional policies that protect the constitutional rights of citizens, and for ensuring that the correctional officers of the York County Jail obey the laws of the State of Maine and the United States of America.

22.     Defendant Vitiello is further responsible for ensuring that all inmates received appropriate medical care in compliance with the laws of the State of Maine and the United States Constitution.

23.    Defendant Vitiello is also a policy maker for the York County Jail.

28.    Defendant Corizon, Inc. is a corporation formed under the laws of the State of Missouri with a registered agent in Augusta, Maine.

29.    Defendant Corizon, Inc. has been contracted with by the York County Jail for the provision of medical care for the inmates of York County Jail.

37.    The conduct of defendants jointly, severally, individually, and in their representative capacities, in allowing a custom and practice of inadequately treating the known medical concerns of inmates caused grievous injury to Plaintiff and deprived him of his rights, privileges and immunities under the Constitution of the United States and the State of Maine.

38.    Defendant Town of Berwick is a municipality formed under and existing within the State of Maine.

39.    Defendant Timothy Towne was the Chief of the Berwick Police Department for all times relevant to this complaint.

40.    Defendant Towne's supervisory responsibilities include oversight of the Berwick Police Department.

20.    Defendant Towne is responsible for the training, supervision, and conduct of Defendant Poore, as more fully set forth below.

21.    Defendant Towne is further responsible for enforcing the regulations of the Berwick Police Department, making and enforcing police department

policies that protect the constitutional rights of citizens, and for ensuring that the officers of the Berwick Police Department obey the laws of the State of Maine and the United States of America.

39.     Defendant Eli Poore was at all times relevant to this complaint a sworn officer of the Berwick Police Department.

40.     Defendant Poore was at all times relevant to this complaint acting as a sworn agent and employee of Defendant Town of Berwick.

## STATEMENT OF FACTS

39.      On May 17, 2015 Plaintiff, Thomas Daggett, was traveling down Cranberry Meadow Road in Berwick, Maine on his way home.

40.     May 17, 2015 was a Sunday.

40.     As Plaintiff passed by his former residence at 317 Cranberry Meadow Road in Berwick he noticed a trash on the shoulder of the road just off the pavement.

41.     Trash day on that street was not on Monday.

42.     Plaintiff was in the process of getting a divorce from at this time and his wife resided at the marital residence at 317 Cranberry Meadow Road.

43.     At issue in the divorce was Plaintiff's property which was still in his wife's possession and located at 317 Cranberry Meadow Road.

43.     Plaintiff had a Protection from Abuse order in effect against him on May 17, 2015 which prohibited him from entering the premises of 317 Cranberry Meadow Road.

44.     As part of the Protection from Abuse Order and the ongoing divorce proceedings Plaintiff's wife was prohibited from destroying or throwing away his property.

45.     Plaintiff stopped on the shoulder of the road in front of 317 Cranberry Meadow Road and looking in the trash can.

46.     Plaintiff discovered that his property was in the trash can.

47.     Plaintiff proceeded to try to remove his property from the trash can and put it into his car.

48.     In this process the trash can tipped over and some of its contents spilled into the ditch.

41.     Plaintiff suffers from Parkinson's.

42.     Plaintiff was diagnosed with Parkinson's around 2003.

43.     Plaintiff takes multiple medication to try and control his medical condition.

44.     Plaintiff's medical condition of Parkinson's qualifies as a disability under state and federal law.

43.     Plaintiff is also a diet controlled diabetic.

44.     An unidentified individual inside 317 Cranberry Meadow Road called the police to report that Plaintiff was on the shoulder of the road looking in the garbage can.

45.     Defendant Eli Poore was dispatched to the area and saw Plaintiff on the shoulder of the road in front of 317 Cranberry Meadow Road.

46.     Defendant Poore was made aware of Plaintiff's medical condition.

47.     Cranberry Meadow Road is a right of way owned by Defendant Town of Berwick.

48.     Defendant Town of Berwick defines the right of way as extending 25 feet on either side of the center of the roadway.

49.     The right of way typically includes the telephone poles and ditches that line the right of way.

50.     Plaintiff remained in the right of way and never entered onto the premises of 317 Cranberry Meadow Road on May 17, 2015.

51.     Because Plaintiff never left the right of way Plaintiff never violated the Protection from Abuse order.

52.     Despite these facts Defendant Poore arrested Plaintiff for Violation of a Protective Order, a class D misdemeanor.

53.  Defendant Poore was aware that Plaintiff was on certain medications that needed to be administered every 90 minutes.

54.     Defendant Poore transported Plaintiff to the Berwick Police Department.

55.     Plaintiff had his medications on his person at all times relevant to this complaint until he was transported to the York County Jail.

56.     At no time while Plaintiff was at the Berwick Police Department was he allowed to take any of his medications.

57.     Prior to taking Plaintiff to the York County Jail Defendant Poore transported him to Southern Maine Medical Center.

58.     Southern Maine Medical Center declared Plaintiff fit for incarceration and gave Defendant Poore a list of the medications that Plaintiff needed.

59.     Medical providers at Southern Maine Medical Center had direct contact with personnel at the York County Jail about Plaintiff's specific medical needs.

60.     Failure to provide Plaintiff his required medications results in Plaintiff entering a catatonic state where he is unable to move, communicate or even swallow.

61.     When Plaintiff arrived at the York County Jail he was refused admittance due to his medical condition.

62.     At some point the jail intake supervisor, John Doe 3, approached Defendant Poore and indicated that if the hospital provided three days' worth of medication the York County Jail would take Plaintiff in.

63.     Defendant Poore returned to Southern Maine Medical Center with Plaintiff.

64.     Southern Maine Medical Center provided some medication but could not provide enough medication to Plaintiff to cover three days because they did not have enough on hand.

65.     Defendant Poore returned to the York County Jail and turned Plaintiff over to jail staff with the medication provided from Southern Maine Medical Center.

66.     Defendant Corizon, Inc. had contracted with York County to provide medical treatment to all inmates at York County Jail for all times relevant to this complaint.

47.     As a matter of course Defendant Corizon, Inc. staff obtain medical information and medication lists in order to treat inmates.

48.     Part of Defendant Corizon, Inc. policy is to conduct a physical medical assessment of every inmate within 24 hours of their arrival at the facility.

48.     Defendant Corizon, Inc. and its employees, i.e. Defendant Jane Doe 1 and Jane Doe 2 medical staff at the York County Jail, failed to conduct any

medical assessment of Plaintiff and failed to administer any medications to him during his stay at the York County Jail.

49.     Defendants did not administer Plaintiff his necessary medications while he was at the York County Jail on May 17, 2015 or May 18, 2015 despite the fact that they knew Plaintiff required said medications.

51.     As a result of their failure to medicate Plaintiff, Plaintiff decompensated rapidly.

52.     Plaintiff was unable to move and was render mostly catatonic as a result of not having his medications.

52.     Plaintiff was pushed onto a bed by correctional officers, John Doe 1 and John Doe 2, at the York County Jail and hit his head on a concrete wall resulting in him sustaining a concussion.

53.     Defendants John Doe 1 and John Doe 2 pushed Plaintiff because he wasn't moving fast enough to get on the bed.

53.     As a result of the concussion, which was complicated by Plaintiff's Parkinson's diagnosis, Plaintiff suffered physical injuries that included a brain injury, broken hip and other physical and emotional injuries.

54.     Additionally, Plaintiff's Parkinson's disease rapidly progressed since he suffered the concussion.

70.     The York County Sheriff's Department, which is responsible for the training and supervision of the correctional officers, failed in its duty to either train or supervise the Defendants as they were acting in their capacity as correctional officers.

71.     Defendant Corizon, Inc. and the York County Jail has a pattern and practice of failing to provide adequate medical care to inmates, including Plaintiff, as they are Constitutionally required.

72.     The Town of Berwick and Chief Timothy Towne, who are responsible for the training and supervision of Defendant Poore, failed in its duty to either train or supervise the Defendants as they were acting in their capacity as police officers.

## COUNT I

## VIOLATION OF 42 U.S.C. § 1985

72.     Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

73.     Defendants acted in concert and agreed to commit acts against the Plaintiff to deny the protections guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

74.     Defendants' actions inflicted a wrong and/or injury upon Plaintiff that resulted in damages.

75.     Defendants' actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.     An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.     Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.     An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.     Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.     Such further relief as the Court deems proper and just.

## COUNT II

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT JOHN DOE 3

76.     Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

77.     Defendant John Doe 3 unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's

clearly established rights to bodily integrity, to be free from the use of excessive force, and his right to an action to pursue a claim for the deprivation of these rights as enumerated by the Fourth and Eighth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

78.     Defendant John Doe 3 unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fifth, Eighth and Fourteen Amendments to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

79.     A reasonable person would have known that the acts and/or omission committed by Defendant Stein violated Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

80.     The unlawfulness of Defendant John Doe 3's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

81.     Defendant John Doe 3's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

15

a.     An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.     Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.     An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.     Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.     Such further relief as the Court deems proper and just.

## COUNT III

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANTS JOHN DOE 1 AND JOHN DOE 2

82.     Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

83.     Defendants John Doe 1 and John Doe 2 unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrity, to be free from the use of excessive force, and his right to an action to pursue a claim for the deprivation of these rights as enumerated by the Fourth and Eighth Amendment to

the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

84.     Defendants John Doe 1 and John Doe 2 unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fifth and Fourteenth Amendments to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

85.     A reasonable person would have known that the acts and/or omissions committed by Defendant Hannon violated Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

86.     The unlawfulness of Defendants John Doe 1 and John Doe 2's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

87.     Defendants John Doe 1 and John Doe 2's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.

## COUNT IV

### VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT CORIZON, INC.

88.     Plaintiff herein incorporates each and every allegation and averment contained in paragraphs list above as fully set forth herein.

87.     The failure to hire, train and supervise employees along with the policies, customs, and practices of Corizon, Inc. and its policy makers comprise the cause of, and moving force behind the constitutional violations at issue in this complaint.

89.     Defendant Corizon, Inc. knew of, or reasonable should have known about, Plaintiff's serious medical needs.

90.     Defendant Corizon exhibited deliberate indifference to Plaintiff's serious medical needs which resulted in a rick of serious damage to Plaintiff's health and future functioning.

91.     Defendant Corizon, Inc. unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fifth and Fourteenth Amendments to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

92.     A reasonable person would have known that the acts and/or omissions committed by Defendant Corizon, Inc. violated Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

93.     The unlawfulness of Defendant Corizon, Inc.'s acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

94.     Defendant Corizon, Inc.'s actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.

## COUNT V

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANTS JANE DOE 1 AND JANE DOE 2

95.      Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

96.      Defendants Jane Doe 1 and  Jane Doe 2 unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrity and adequate medical care, to be free from the use of excessive force and deliberate indifference to an inmate's health and safety, and his right to an action to pursue a claim for the deprivation of these rights as enumerated by the Fourth and Eighth Amendment to

the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

97.     Defendants Jane Doe 1 and Jane Doe 2 knew of, or reasonable should have known about Plaintiff's serious medical needs.

98.     Defendants Jane Doe 1 and Jane Doe 2 exhibited deliberate indifference to Plaintiff's serious medical needs which resulted in a rick of serious damage to Plaintiff's health and future functioning.

99.     Defendants Jane Doe 1 and Jane Doe 2 unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fifth and Fourteenth Amendments to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

100.   A reasonable person would have known that the acts and/or omissions committed by Defendants Jane Doe 1 and Jane Doe 2 violated Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

101.   The unlawfulness of Defendants Jane Doe 1 and Jane Doe 2's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

102.   Defendants Jane Doe 1 and Jane Doe 2's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.   Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.   An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.   Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.   Such further relief as the Court deems proper and just.

## COUNT VI

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT WILLIAM KING

111.   Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

112.   Defendant King was at all times mentioned herein responsible as Sheriff of York County for the recruitment, training, supervision, and discipline of all other Defendants.

113.   Defendant King was responsible for ensuring the provision of adequate medical care for the inmates of York County Jail.

114.   The constitutional and statutory violations of Plaintiff's rights committed by all other Defendants were caused by the acts and/or omissions of Defendant King, including, but not limited to, his grossly negligent policies, customs and/or pattern of practice in recruitment, training, supervision, and discipline of all other Defendants.

115.   Defendant King's acts and/or omissions amount to deliberate, reckless or callous indifference to the constitutional rights of others, including Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.   Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.    An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.    Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.    Such further relief as the Court deems proper and just.

## COUNT VII

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT YORK COUNTY

116.   Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

117.   The policy, customs and practices of York County and its policy makers comprise the cause of and the moving force behind the constitutional violations at issue in this complaint.

118.   At all relevant times Defendant King was a policy maker within the York County Jail hierarchy.

119.   At all relevant times, Defendant King and the York County Jail acquiesced in a custom, policy, or practice that violates clearly established constitutional rights.

120.   At all relevant times Defendant Vitiello was a policy maker within the York County Jail hierarchy.

121.   At all relevant times, Defendant Vitiello and the York County Jail acquiesced in a custom, policy, or practice that violates clearly established constitutional rights.

124.   Defendant York County Jail's policies and customs caused the deprivation of Plaintiff's clearly established constitutional and statutory rights and are tantamount to reckless, callous, or deliberate indifference to the rights of Plaintiff.

125.   Defendant York County Jail's actions showed a malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.   An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.   Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.   An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.   Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. **§** 1988.

e.     Such further relief as the Court deems proper and just.

## COUNT VIII

## VIOLATION OF MAINE CIVIL RIGHTS ACT 5 M.R.S.A. § 4682

131.   Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

130.   Defendants intentionally attempted to interfere by physical force and threats of physical force with the exercise and enjoyment of Plaintiff's rights secured by the United States and Maine Constitutions and the laws of the United States and the State of Maine.

131.   The aforementioned acts of Defendants caused Plaintiff harm.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.     An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

b.     Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.     An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.     Costs and attorneys' fees to the extent allowable by law.

e.      Such further relief as the Court deems proper and just.

## COUNT IX

## CIVIL CONSPIRACY

132.   Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

133.   Defendants committed independently recognized torts contained herein and/or violated Plaintiff's clearly established statutory and constitutional rights.

134.   Defendants acted in concert to commit aforementioned unlawful acts through unlawful means and in bad faith.

135.   Defendants caused harm to Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

    d.      Costs and attorneys' fees to the extent allowable by law.

    e.      Such further relief as the Court deems proper and just.

## COUNT X

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT POORE FALSE ARREST

132.   Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

133.   Defendant Eli Poore intended to and did confine Plaintiff.

134.   Plaintiff was conscious of the confinement.

135.   Plaintiff did not consent to the confinement.

136.   Defendant Poore had no privilege to cause the confinement.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

    a.      An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

    b.      Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

    c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

    d.     Costs and attorneys' fees to the extent allowable by law.

    e.     Such further relief as the Court deems proper and just.

**COUNT XI**

**VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT POORE FAILURE TO PROTECT**

132.   Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

133.   Plaintiff was in the official custody of Defendant Eli Poore.

134.   Defendant Poore was aware that Plaintiff had a serious medical condition.

135.   Defendant Poore turned Plaintiff over to the custody of the York County Jail knowing that the York County Jail could not meet Plaintiff's medical needs.

136.   Defendant Poore had a duty to protect Plaintiff because Plaintiff was in his custody.

137.   Defendant Poore failed in that duty.

138.   As a result of Defendant Poore's failure Plaintiff suffered harm.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.

e.      Such further relief as the Court deems proper and just.

## COUNT XII

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT TOWN OF BERWICK AND DEFENDANT TOWNE FAILURE TO TRAIN/SUPERVISE

132.    Plaintiff herein incorporates each and every allegation and averment contained in paragraphs listed above as fully set forth herein.

133.    Defendants Town of Berwick and Towne failed to adequately train and supervise Defendant Poore.

135.    Defendant Towne is the chief policy maker and enforcer for Defendant Town of Berwick.

134.    Defendants' inadequacy was the result of deliberate indifference.

135.    Defendants' actions caused Plaintiff harm.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c. An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d. Costs and attorneys' fees to the extent allowable by law.

e. Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 8th day of August, 2018.

       **By: Nichols & Churchill, PA**

       /s/ Sarah A. Churchill
       Sarah A. Churchill, Esq.
       Attorney for Plaintiff

       NICHOLS & CHURCHILL, PA
       1250 Forest Avenue
       Portland, ME 04103
       (207)879-4000

schurchill@nicholschurchill.com