UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

THOMAS DAGGETT                    )
                                  )
             Plaintiff,           )
                                  )
      v.                          )          No. 2:18-cv-00303-JAW
                                  )
YORK COUNTY, et al.,              )
                                  )
             Defendants.          )

## ORDER ON MOTION TO EXTEND TIME
## TO FILE NOTICE OF APPEAL

Over objection, the Court grants a litigant's motion to extend time to file a notice of appeal because the litigant demonstrated the delay in making a timely filing resulted from his attorney's excusable neglect under Federal Rule of Appellate Procedure 4(a)(5)(A).

## I.   BACKGROUND

On March 9, 2021, the Clerk of Court entered judgment in this case for the Defendants after the Court granted their motions for summary judgment in an order dated March 8, 2021.  *J.* (ECF No. 75); *Order on Defs.' Mots. for Summ. J.* (ECF No. 74).  The Plaintiff, Thomas Daggett, did not file a notice of appeal by April 8, 2021 within thirty days after entry of judgment as required by Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

On April 12, 2021, four days after the filing deadline, Mr. Daggett's counsel, Attorney Kristine Hanly, moved for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, indicating

that she had "inadvertently calendared the deadline from March 11, 2021, which was the internal date" she reviewed the Court's judgment and order granting the Defendants' motions for summary judgment.[1] *Mot. to Extend Time to File Notice of Appeal* (ECF No. 76) (*Pl.'s Mot.*); *Notice of Appeal* (ECF No. 77). The Berwick Defendants, the York County Defendants, and Defendant Correct Care Solutions, LLC (CCS) separately responded in opposition and contended Mr. Daggett did not meet the Rule 4(a)(5)(A) standard for an extension of time. *Defs. Town of Berwick, Timothy Towne and Eli Poore's Resp. to Pl.'s Mot. to Extend Time to File Notice of Appeal* (ECF No. 78) (*Berwick Opp'n*); *Def. Correct Care Solutions LLC's Opp'n to Pl.'s Mot. to Extend Time to File Notice of Appeal* (ECF No. 79) (*CCS Opp'n*); *County Defs.' Obj. to Pl.'s Mot. to Extend Time to File Notice of Appeal* (ECF No. 80) (*County Opp'n*). In brief, the Defendants urge Attorney Hanly's actions constituted neglect but not excusable neglect sufficient to justify granting Mr. Daggett's motion for an extension of time.

On April 28, 2021, Attorney Hanly, filed a reply providing additional facts leading to her missing the filing deadline. *Pl.'s Reply to Defs.' Resps. in Opp'n to Pl.'s Mot.* (ECF No. 81) (*Pl.'s Reply*). Attorney Hanly represented that she entered an appearance in this matter in February after Mr. Daggett's prior counsel, Attorney Sarah Churchill, became a Maine state court judge. *Id.* ¶¶ 1-3. When she began representing Mr. Daggett, the motions for summary judgment were under

---

[1]      Mr. Daggett's motion for an extension of time mistakenly cites Federal Rule of Appellate Procedure 5(A) as providing the proper standard for a motion to extend time to file a notice of appeal. *Pl's Mot.* at 1. Rule 4(a)(5)(A) provides the correct standard.

advisement and there were no pending deadlines.  *Id.* ¶ 4.  Attorney Hanly stated her case management system automatically calendars deadlines when CM/ECF notifications come in.  *Id.* ¶¶ 5-7.  However, because there were no pending deadlines in this case when she began representing Mr. Daggett, Attorney Hanly planned to pick up paper files in-person from Attorney Churchill.  *Id.* ¶¶ 8-9.

On March 9, 2021, Attorney Hanly picked up Mr. Daggett's case file from Attorney Churchill's office but did not immediately return to her own office with the physical file to add the case to her case management system.  *Id.* ¶¶ 10-12.  On March 11, 2021, Attorney Hanly reviewed Mr. Daggett's case file, which triggered the manual calendaring of a thirty-day window to file a notice of appeal in his case.  *Id.* ¶ 13.  Attorney Hanly states that Mr. Daggett himself had no role in the missed deadline and that she filed the notice of appeal and motion to extend time as soon as she identified the problem.  *Id.* ¶¶ 15-16.  In an attachment, Attorney Hanly explains that she was also dealing with a personal matter that may have rendered her out of office more than expected in the days surrounding the transfer of files between Mr. Daggett's former counsel and herself.  *Id.*, Attach. 1, *Information Regarding Medical Condition*.[2]  However, Attorney Hanly "does not contend that this health situation rendered her out of office at the end of the expiration of the 30 days."  *Id.*

---

[2]     The Court reviewed Attorney Hanly's sealed filing at ECF No. 82.

## II.    LEGAL STANDARD

Generally, a party to a civil case must file a notice of appeal within thirty days of entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  There are exceptions.  Relevant here, Federal Rule of Appellate Procedure 4(a)(5)(A) provides:

> **(A)** The district court may extend the time to file a notice of appeal if:
>
> > **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> >
> > **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).  "Good cause" and "excusable neglect"[3] are different legal standards.  *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000).  "Good cause" applies when "the putative appellant's tardiness in filing a notice of appeal resulted entirely from external causes."  *Id.*  In those instances, "there is no neglect (and, thus, nothing to excuse)."  *Id.*  In *Scarpa v. Murphy*, 782 F.2d 300 (1st Cir. 1986), the First Circuit discussed an example of good cause, where counsel deposited a notice of appeal on a timely basis with the post office but for unexplained reasons, the post office did not deliver the envelope.  *Id.* at 301.  Mr. Daggett makes no claim that the failure to file a timely notice of appeal was based on good cause within the meaning of Rule 4(a)(5)(A).

---

[3]      The term "excusable neglect" appears throughout the Federal Rules of Civil, Appellate, and Bankruptcy Procedure.  The caselaw gives "excusable neglect" the same meaning in each of these contexts.  *See Tubens v. Doe*, 976 F.3d 101, 105 (1st Cir. 2020) (explaining the Supreme Court's treatment of the issue).

However, "where there are no forces beyond the control of the would-be appellant that prevent him from taking timely steps to preserve his rights, 'good cause' has no applicability and an extension of the time for appealing can be justified only by a showing of excusable neglect." *Mirpuri*, 212 F.3d at 630 (citing *Virella-Nieves v. Briggs & Stratton Corp.*, 53 F.3d 451, 453-54 (1st Cir. 1995)).

The First Circuit has recognized "excusable neglect . . . is a somewhat elastic concept." *Hospital del Maestro v. NLRB*, 263 F.3d 173, 174 (1st Cir. 2001) (per curiam) (citation omitted). Excusable neglect motions are "committed to the district court's sound discretion," and the analysis is "at bottom an equitable one." *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 100-01 (1st Cir. 2003). The Court must consider (1) the danger of prejudice to the non-moving party; (2) the length of any delay and its potential impact on judicial proceedings; (3) the reasons for the delay, including whether the movant had control over those reasons; and (4) whether the movant acted in good faith. *Robinson v. Wright*, 460 F. Supp. 2d 178, 180 (D. Me. 2006) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

"The third factor, the reason for the mistake, is . . . 'by far the most critical.'" *Id.* at 181 (quoting *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005)). The language of Rule 4(a)(5)(A) is such that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances

beyond the party's control." *Pioneer*, 507 U.S. at 388.[4]   However, "counsels' inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.'" *Dimmitt*, 407 F.3d at 24.   Instead, "the would-be appellant must demonstrate unique or extraordinary circumstances." *Mirpuri*, 212 F.3d at 630-31.

## III.   DISCUSSION

The Court finds Attorney Hanly's failure to file a timely notice of appeal was caused by excusable neglect and grants Mr. Daggett's motion for an extension of time to file a notice of appeal.   The first two factors are quickly resolved in Mr. Daggett's favor.   First, the Defendants identified no cognizable prejudice to their legal positions that would result from permitting Mr. Daggett to file his notice of appeal.   The Court finds there is none. *See Pratt v. Philbrook*, 109 F.3d 18, 22 (1st Cir. 1997) (explaining prejudice does not refer to situations in which a party who would benefit from opposing counsel's neglect is deprived of that benefit, but situations in which there is cognizable prejudice, "for example . . . lost evidence").

Second, the length of the delay in filing the notice of appeal was minimal.   As the judgment in this case issued on March 9, 2021, Mr. Daggett had thirty days to file his notice of appeal.   That deadline was April 8, 2021.   On April 12, 2021, with an intervening weekend, Attorney Hanly filed Mr. Daggett's notice of appeal, and a motion for an extension of time to file the notice of appeal.   The promptness with

---

[4]      *Pioneer* considered the meaning of "excusable neglect" in Bankruptcy Rule 9006(b)(1), rather than Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure. *Pioneer*, 507 U.S. at 392.   However, the *Pioneer* Court stressed that Bankruptcy Rule 9006(b)(1) should be construed as giving the phrase the same meaning as the Federal Rules of Civil Procedure. *Id.* at 392-93.

which Attorney Hanly sought to correct her error favors a finding of excusable neglect.

The third factor, the reasons for Attorney Hanly's neglect, is a closer issue. On February 11, 2021, Attorney Hanly entered her appearance on Mr. Daggett's behalf following Attorney Churchill's appointment to the state court bench. *Appearance as Counsel for Pl.* (ECF No. 72). By her own admission, Attorney Hanly waited nearly a month after entering her appearance in this case and did not pick up Mr. Daggett's paper case file from his prior counsel until March 9, 2021—the same day the Court entered judgment. In addition, she did not review the case file until March 11, 2021, when she input the file information into her case management software. Attorney Hanly manually entered March 11, 2021 as the date of the judgment in this case, which automatically calendared the wrong deadline for filing the notice of appeal. Another consideration is the personal circumstances Attorney Hanly explained in her exhibit, which caused her to be in her office less consistently around the time she received the case file from Mr. Daggett's prior counsel.

The Court is not eager "to impose draconian substantive sanctions for procedural defaults." *Robinson*, 460 F. Supp. 2d at 182. There are certainly cases in which it is appropriate to do so; however, this is not one of them. *Compare id.* (finding no colorable basis for excusable neglect), *with Local Union No. 12004, United Steelworkers of Am. v. Massachusetts*, 377 F.3d 64, 72 (1st Cir 2004) (finding no abuse of discretion in granting a motion to extend time when the moving attorney missed a filing deadline by two weeks because a family member was ill). Attorney Hanly

should have been more diligent in obtaining Mr. Daggett's case file after entering her appearance, more careful inputting the file into her case management system, and more prompt in filing a timely notice of appeal. Once she received the case file, she also should have double-checked the deadlines to ensure she would timely file Mr. Daggett's notice of appeal. Even so, Attorney Hanly's neglect was not without excuse. The Court finds her late entry as counsel into this case, her reliance on case management software, and the personal matter that coincided with receiving Mr. Daggett's case file, bring her conduct within the excusable neglect safe harbor. This weighs in favor of granting the motion to extend time.

As this Court has written, "[t]here are instances where the best office systems and precautions fail and matters simply fall through the cracks; it is for those instances that the excusable neglect provision exists." *Robinson*, 460 F. Supp. 2d at 181-82. In the Court's view, Attorney Hanly's neglect resulted from exceptional circumstances that are unlikely to happen again. Therefore, weighing the totality of the circumstances and reasons for his attorney's neglect, the Court finds those excuses support granting Mr. Daggett's motion to extend time.

Finally, the fourth factor weighs in favor of granting the motion to extend time. The record reflects that the mistake in filing the notice of appeal was Attorney Hanly's, not Mr. Daggett's. There is no evidence either Mr. Daggett or Attorney Hanly acted in bad faith or to gain an advantage over the Defendants. Thus, as all factors weigh in Mr. Daggett's favor, the Court grants the motion to extend time under Federal Rule of Appellate Procedure 4(a)(5)(A).

## IV.    CONCLUSION

The Court GRANTS Thomas Daggett's Motion to Extend Time to File Notice

of Appeal (ECF No. 76).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2021.

9