Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 21-1374

THOMAS DAGGETT,

Plaintiff, Appellant,

v.

YORK COUNTY, a Municipal Corporation organized and existing
under the laws of the State of Maine; WILLIAM KING, individually
and as Sheriff of York County; MICHAEL VITTIELLO, individually
and as an employee of the York County Sheriff's Department; JOHN
DOE 1, individually and as an employee of the York County Jail;
JOHN DOE 2, individually and as an employee of the York County
Jail; JOHN DOE 3, individually and as an employee of the York
County Jail; CORRECT CARE SOLUTIONS, LLC, a Limited Liability
Company; JANE DOE 1, individually and as an employee of Correct
Care Solutions, LLC; JANE DOE 2, individually and as an employee
of Correct Care Solutions, LLC; TOWN OF BERWICK, a Municipality
in the State of Maine; TIMOTHY TOWNE, Chief of the Berwick
Police Department; OFFICIER ELI POORE, individually and as an
employee of the Town of Berwick.

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

Kristine C. Hanly, with whom Hanly Law, LLC was on brief, for

appellant.

John J. Wall, III, with whom Monaghan Leahy, LLP was on brief, for appellees York County, William King, and Michael Vitiello.

Benjamin J. Wahrer, Jr., with whom Robert C. Hatch and Thompson Bowie & Hatch LLC were on brief, for appellee Correct Care Solutions, LLC.

Kasia S. Park, with whom Edward R. Benjamin and Drummond Woodsum were on brief, for appellees Town of Berwick, Timothy Towne, and Eli Poore.

———————————

January 25, 2022

———————————

THOMPSON, **Circuit Judge**. Writing just for the parties named in our caption, we (unsurprisingly) assume their familiarity with the facts, the procedural history, and the arguments presented — which we reference only as needed to give the gist behind why we (after applying *de novo* review) find ourselves affirming the judgment below for substantially the same reasons offered by the district judge.

A longtime Parkinson's sufferer, Plaintiff spent a night in county jail on a charge of violating a protection-from-abuse order. Convinced that he received inadequate medical care while there, Plaintiff brought this multi-count, multi-defendant case: according to Plaintiff, Defendants (all or some of them) conspired to violate his federal civil rights, see 42 U.S.C. § 1985, and infracted his federal constitutional rights, see 42 U.S.C. § 1983, among other claims not relevant here. In an admirably thorough 125-page decision, the district judge kicked Plaintiff's case out on summary judgment (dismissing some claims with prejudice and others without prejudice).

Plaintiff's 23-page appellate brief (containing 14 pages of argument) attacks the judge's thoughtful ruling with contentions that are waived, without merit, or both. None of his challenges requires extended discussion. Hence — without trying to cover the waterfront — we offer only these comments (Plaintiff, by the way, did not file a reply brief attempting to rebut the

points below, which track the Defendants' key takes on the dispute):

**1.** Regarding the § 1985 claim, Plaintiff disagrees with the judge's conclusion that he proved no meeting of the minds among the alleged conspirators. See generally United Bhd. of Carpenters & Joiners of Am., Loc. 610 v. Scott, 463 U.S. 825, 828-29 (1983) (discussing the necessary elements); Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 4 (1st Cir. 2012) (same). But the judge also deemed the claim "defective in other ways," including because Plaintiff neither showed racial or class-based discrimination against him nor identified an overt act. And Plaintiff's brief does not dispute these rulings. So regardless of whether he is right on the meeting-of-the-minds issue (a matter on which we need not opine), these failures dash any hope of reversal on this claim. See Rodríguez v. Mun. of San Juan, 659 F.3d 168, 175-76 (1st Cir. 2011).

**2.** Turning to the § 1983 claim, Plaintiff thinks that the judge wrongly ruled that Defendant CCS's medical team did not treat him with deliberate indifference. See generally Abdisamad v. City of Lewiston, 960 F.3d 56, 60 (1st Cir. 2020) (discussing municipal liability). But it suffices to say that he does not contest the judge's conclusion that he "conceded essential elements of his prima facie case" by admitting he knew of no CCS

- 4 -

policy, custom, or practice that harmed him.  Which means this
challenge comes to naught.  See Rodríguez, 659 F.3d at 175-76.

      3.  The same goes for Plaintiff's argument that the judge
slipped in jettisoning the § 1983 claims against the County
Defendants.  For starters, he pokes no holes in the judge's
conclusion about how he conceded that he knew of no County policy,
custom, or practice that harmed him.  See Abdisamad, 960 F.3d at
60; see also Rodríguez, 659 F.3d at 175-76.  Also, his single-
sentence assertion that he did not "fail[] to prove" a causal link
between the County Defendants' conduct and any injury is too
conclusory to save him from summary judgment.  See Abdisamad, 960
F.3d at 60; Ramírez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19-20
(1st Cir. 2014) (discussing supervisory liability); see also
Rodríguez, 659 F.3d at 175-76.

      4.  On then to Plaintiff's problem with the judge's
handling of the § 1983 unreasonable-seizure claim against
Defendant Poore.  Plaintiff's theory here is that the anonymous
tip that he was on his then-wife's property in violation of the
protection order could not satisfy probable-cause requirements.
But it is enough to note that he offers no on-point authority that
undercuts the judge's alternative holding declaring Defendant
Poore qualifiedly immune from this claim.  See generally Irish v.
Fowler, 979 F.3d 65, 76 (1st Cir. 2020) (discussing qualified
immunity), cert. denied, 142 S. Ct. 74 (2021).  So this challenge

is a nonstarter too.  See Belsito Commc'ns, Inc. v. Decker, 845
F.3d 13, 23-24 (1st Cir. 2016); Rivera-Corraliza v. Puig-Morales,
794 F.3d 208, 214-15 (1st Cir. 2015).

      **5.**  That takes us to Plaintiff's complaint about the
judge's review of the § 1983 failure-to-protect claim against
Defendant Poore — a claim the judge construed as having two
aspects:  one involving inadequate medical care and the other
involving the state-created-danger doctrine.  Plaintiff's
undeveloped attack against the judge's alternative qualified-
immunity ruling on the inadequate-medical-care matter — an attack
consisting of one sentence — is reason enough to disregard this
facet of the claim.  See Rodríguez, 659 F.3d at 175-76.  And
assuming (without granting) that the state-created-danger doctrine
has relevance here, Plaintiff makes no specific argument tying his
injuries to Defendant Poore's actions (or inactions).  See Irish,
979 F.3d at 75 (discussing the doctrine's "act or acts caused the
plaintiff's harm" prong).  To the extent he thinks that his brief
does tie his injuries to what Defendant Poore did (or did not do),
we would deem the argument "too skeletal or confusingly constructed
and thus waived."  See Págan-Lisboa v. Soc. Sec. Admin., 996 F.3d
1, 7 (1st Cir. 2021) (quotation marks omitted).

      *Affirmed.  All parties shall bear their own costs on
appeal.*  See Fed. R. App. P. 39(a).